# EXHIBIT "A"



🛒 0 Item(s) in Basket

Home    Online Services    About us    Contact us

## Civil / Probate Justice System - Docket Information

BACK TO SEARCH RESULTS          ALL PARTIES          START A NEW SEARCH

**EXPORTACIONES VIMAR CORP vs KING OCEAN SVCS**

\* Click on BOOK/PAGE of a particular docket to see the image if it is available \*

Case Number (LOCAL): 2012-45529-CA-01 Dockets Retrieved: 5    Filing Date: 11/20/2012
Case Number (STATE): 13-2012-CA-045529-0000-01          Judicial Section: 08

| Date | Book/Page | Docket Entry | Comments |
|---|---|---|---|
| 12/17/2012 | | SERVICE RETURNED | BADGE # 2082 P 11/21/2012 DN01 |
| 12/11/2012 | | MOTION TO DISMISS | KING OCEAN SERVICES LTD |
| 11/20/2012 | | CIVIL COVER | |
| 11/20/2012 | | SUMMONS ISSUED | DN01 DN02 |
| 11/20/2012 | | COMPLAINT | |

BACK TO SEARCH RESULTS          ALL PARTIES          START A NEW SEARCH

Civil Search Home | Civil Court Information | Email | Login
Home | Privacy Statement | Disclaimer | Contact Us | About Us
2008 Clerk of the Court. All Rights Reserved.



S0141755

THIS VOL. CONTA
WITH DATES BEG
THROUGH_____

# CLERK OF COURTS
# MIAMI - DADE COUNTY
# CIRCUIT CIVIL DIVISION

THIS FILE OR ANY OF ITS CO
NOT BE REMOVED FROM CL
WITHOUT LEAVE OF COUR

CLERK, CIRCUIT AND COU

EXPORTACIONES VIMAR CORP
VS
KING OCEAN SVCS              NEGL OTHERS
                            11/20/2012   11/27/2012



12-045529-CA-01    SEC 08

VOLUME

OF

_____ VOI

product contains 10% total recycled fiber
10% post-consumer (or comparable) fiber.

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | 12 - 45529 CA 08 |

| PLAINTIFF | VS. DEFENDANT | CLOCK IN |
|---|---|---|
| Exportaciones Vimar | King Ocean Services and ALM Express Corp. | 2012 NOV 20 ... FILED FOR RECORD CLERK, CIRCUIT & ... MIAMI-DADE CO ... CIVIL DIVISION |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ **Negligence - Other**
  ☐ 097 - Business Governance
  ☐ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☐ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☒ 107 - Negligence - Other
☐ **Real Property/Mortgage Foreclosure**
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ **Professional Malpractice**
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☐ **Other**
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☐ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
☐ **133 - Other Civil Complaint**
  ☐ 009 - Bond Estreature
  ☐ 014 - Replevin
  ☐ 024 - Witness Protection
  ☐ 080 - Declaratory Judgment
  ☐ 081 - Injunctive Relief
  ☐ 082 - Equitable Relief
  ☐ 083 - Construction Lien
  ☐ 084 - Petition for Adversary Preliminary Hearing
  ☐ 085 - Civil Forfeiture
  ☐ 086 - Voluntary Binding Arbitration
  ☐ 087 - Personal Injury Protection (PIP)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☐

REMEDIES SOUGHT (check all that apply):

☒    monetary;

☐    non-monetary declaratory or injunctive relief;

☐    punitive

NUMBER OF CAUSES OF ACTION: [ 2 ]

(specify) Negligence as to each defendant
_____

IS THIS CASE A CLASS ACTION LAWSUIT?

☐ Yes

☒ No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☐ No

☒ Yes   If "Yes", list all related cases by name, case number, and court.

_____

_____

_____

IS JURY TRIAL DEMANDED IN COMPLAINT?

☐ Yes

☒ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____  Florida Bar # _O/6 2 5 6 6_
       Attorney or party                   (Bar # if attorney)

_Santiago Cueto_
(type or print name)

_November 12, 2012_
    Date

CLK/CT 96 Rev. 12/09

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**GENERAL JURISDICTION DIVISION**

EXPORTACIONES VIMAR CORP.
a Florida Corporation,

CASE NUMBER:

112-43529 CA08

     Plaintiff,

v.

KING OCEAN SERVICES and
ALM EXPRESS CORP.

     Defendants.

CLERK, CIRCUIT & COUNTY COURT
MIAMI-DADE COUNTY, FLA.
CIVIL DIVISION
2012 NOV 20  PM 2: 27
FILED FOR RECORD

401
2IS

## COMPLAINT

Plaintiff, EXPORTACIONES VIMAR CORP. ("EVC"), sues Defendants, KING OCEAN SERVICES and ALM EXPRESS CORP. In support of its Complaint, Plaintiff allege as follows:

## PARTIES, JURISDICTION & VENUE

1. This is an action for negligence concerning the loss of cargo.

2. Plaintiff, EVC, is a Florida corporation.

3. Defendant KING OCEAN SERVICES ("KING") is a Florida corporation and in the business of transporting cargo.

4. Defendant ALM EXPRESS CORP ("ALM") is a Florida corporation and in the business of arranging the transportation and shipment of goods.

5. Venue is proper in this county in that all parties conduct business and are located in Miami-Dade County.

## GENERAL ALLEGATIONS

6. On or about August 1, 2012, Plaintiff sought to forward by ocean carrier one container bearing identification number KOSU-480889 the ("Container") of goods to be delivered from Port Everglades, Florida to Puerto Cortes, Honduras.

7.   Plaintiff employed the services of ALM to arrange for the shipment and transportation of the Container of goods from Port Everglades, FL to Puerto Cortes, Honduras.

8.   ALM failed to offer Plaintiff the option of insurance to insure against damage or loss of the Container.

9.   In addition, ALM failed to exercise reasonable care and skill in selecting an ocean carrier. As a result of ALM's negligence, Plaintiff has suffered damages.

10.  ALM placed the Container with KING to be transported to Puerto Cortes, Honduras.

11.  On or about August 7, 2012, a KING vessel transporting the Container encountered a severe storm, which caused the Container to fall off the vessel. The Container was never recovered.

12.  Despite adequate weather warnings, the KING vessel should have never navigated into the area of the storm.

13.  As a result of KING's negligence, Plaintiff has suffered damages.

14.  All conditions precedent to bring this lawsuit have been met or have been waived.

15.  Plaintiffs have retained the Cueto law Group, P.L. to represent them in this lawsuit and are obligated to pay reasonable attorneys' fees.

## COUNT I
### Negligence
### (As to ALM)

16.  Plaintiff re-alleges and incorporate by reference paragraphs 1-15 in support of this count.

17.  ALM owed Plaintiff a duty to exercise reasonable care and skill arranging the transportation of the Container.

4000 Ponce de León Blvd, Suite 470          Tel:  +1 305.777-0377          sc@cuetolawgroup.com
Coral Gables, FL 33146                       Fax: +1 305.777.0449          www.CuetoLawGroup.com
                                                                          www.InternationalBusinessLawAdvisor.com

18. ALM breached its duty to Plaintiff by failing to, *inter alia*, offer Plaintiff the option of purchasing insurance to cover the Container and by failing to exercise reasonable care and skill in selecting an ocean carrier.

19. As a proximate cause of Defendant's negligence, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment in its favor and award any and all other relief it deems just and appropriate.

### COUNT II
### Negligence
### (As to KING)

20. Plaintiff re-alleges and incorporate by reference paragraphs 1 to 15 to support this count.

21. KING owed a duty to Plaintiff to safely transport the Container to its destination.

22. KING breached its duty to Plaintiff by failing to exercise reasonable care and skill in the transportation of the Container.

23. As a proximate result of KING's negligence, Plaintiff has suffered damages.

WHEREFORE, Plaintiff pray that this Honorable Court enter Judgment in its favor and award any and all other relief it deems just and appropriate.

Respectfully submitted,
CUETO LAW GROUP, P.L.
Attorneys for Plaintiff
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Tel.:    (305) 777-0377
Fax:    (305) 777-0397

By:
SANTIAGO A. CUETO, ESQ., B.C.S.
Florida Bar No.:    0162566

3

4000 Ponce de León Blvd, Suite 470
Coral Gables, FL 33146

Tel: +1 305.777-0377
Fax: +1 305.777.0449

sc@cuetolawgroup.com
www.CuetoLawGroup.com
www.InternationalBusinessLawAdvisor.com

# AYMENT WORKSHEET
## CIRCUIT CIVIL

**\*\*\*\* DUPLICATE \*\*\*\***

Clerk's Office: Miami Dade County, Fl

CLERK ID _PP_____

Entered: 11/20/2012 2:22 PM   adelasi
Office: CIVN   Batch# 76339   Trans# 37

CASE NO. _2  43559 CA08_

ATTORNEY BAR #_____

PLAINTIFF _Exportacions_

NAME___ Rpt#: 3640038  Civil Circuit Fee
Acct# 12045529CA01

FILING FEE    $ _____401_____

ADDRESS 3100  Circuit Filins Fee
          41  Circuit Filing Fee          $401.00
        3139  Summons Issue Fee          $20.00
        Check #1108      Ck Amount =     $421.00

MUL. DEFTS.   $ _____

RECORDING     $ _____

REG. MAIL     $ _____

**\*\*\*\* DUPLICATE \*\*\*\***

REFUND        $ _____

SUMMONS       $ _____20_____

OTHER         $ _____

AREA:_____

TOTAL         $ _____421_____

## NOTE:  THIS IS NOT A RECEIPT

CLK/CT 839  REV. 11/08

Clerk's web address:  www.miami-dadeclerk.com

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**GENERAL JURISDICTION DIVISION**

CASE NUMBER: 12-45529 CA 08

EXPORTACIONES VIMAR CORP.
a Florida Corporation,

        Plaintiff,

v.

                                    **SUMMONS**

KING OCEAN SERVICES and
ALM EXPRESS CORP.

        Defendants.

_____/

TO:        KING OCEAN SERVICES
                By serving Registered Agent:
                Carlos Perdomo
                11000 NW 29th Street, Suite 201
                Miami, FL 33172

     A lawsuit has been filed against you.  You have **TWENTY (20)** calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A telephone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the telephone book).

     If you choose to file a written response your self, at the same time you file written response to the Court you must also mail or take a copy of your written responses to the Plaintiff attorneys named below.

**SANTIAGO A CUETO, ESQ.**
**CUETO LAW GROUP, P.L.**
**4000 Ponce de Leon Blvd., Suite 470, Coral Gables, Florida  33146**

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE:

**YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

**DATED** on _____ NOV 2 0 2012

CLERK OF COURT

PHYLLIS PROCTOR

By: _____ Deputy Clerk

## IMPORTANTE

Usted ha sido demando legalment.  Tiene **Veinte (20) dias,** contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero de Caso, y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, or privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el Tribunal, debera usted enviar por correo o entregar en persona, una copia de su respuesta a la persona denominada al reverso como "Plaintiff C Attorney" (Abogado del Demandante).

## IMPORTANT

Des pursuites judicares ont ete entreprises contre vous.  Vous avez **20** jours consecutifs a partir de la date de 1' assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous estes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende a votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous resquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

2

Case No. _____

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff C Attorney" nomme au verso (Plaignant ou a son avocat).

## COURT LOCATIONS

Dade County Courthouse (05)
Clerk of Courts, Room 138
73 West Flagler Street
Miami, Florida  33130

Joseph Caleb Center (20)
5400 N.W. 22nd Avenue, Room 205
Miami, Florida  33142

Coral Gables District Court (25)
3100 Ponce De Leon Boulevard
Coral Gables, Florida  33134

Hialeah District Court (21)
55 S.E. 4th Avenue
Hialeah, Florida  33010

South Dade Government (26)
10710 S.W. 211th Street
Miami, Florida  33189

North Dade Justice Center (23)
15555 Biscayne Blvd., Room 100
Miami, Florida  33160

Homestead District Court (27)
715 N.E. 1st Road
Homestead, Florida  33030

Miami Beach District Court (24)
1130 Washington Avenue, Room 224
Miami Beach, Florida  33139

Sweetwater Branch Office
500 S.W. 109th Avenue
Sweetwater, Florida  33174

3

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL | **CIVIL COVER SHEET** | 12-45529 CA 08 |
| ☐ DISTRICTS | | |
| ☐ FAMILY | | |
| ☐ OTHER | | |

| PLAINTIFF | VS. DEFENDANT | CLOCK IN |
|---|---|---|
| Exportaciones Vimar | King Ocean Services and ALM Express Corp. | |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ **Negligence - Other**
  ☐ 097 - Business Governance
  ☐ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☐ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☒ 107 - Negligence - Other
☐ **Real Property/Mortgage Foreclosure**
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ **Professional Malpractice**
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☐ **Other**
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☐ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
☐ **133 - Other Civil Complaint**
  ☐ 009 - Bond Estreature
  ☐ 014 - Replevin
  ☐ 024 - Witness Protection
  ☐ 080 - Declaratory Judgment
  ☐ 081 - Injunctive Relief
  ☐ 082 - Equitable Relief
  ☐ 083 - Construction Lien
  ☐ 084 - Petition for Adversary Preliminary Hearing
  ☐ 085 - Civil Forfeiture
  ☐ 086 - Voluntary Binding Arbitration
  ☐ 087 - Personal Injury Protection (PIP)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☐

REMEDIES SOUGHT (check all that apply):

☒     monetary;

☐     non-monetary declaratory or injunctive relief;

☐     punitive

NUMBER OF CAUSES OF ACTION: [ 2 ]

(specify)  Negligence as to each defendant

IS THIS CASE A CLASS ACTION LAWSUIT?

☐  Yes

☒  No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☐  No

☒  Yes    If "Yes", list all related cases by name, case number, and court.

IS JURY TRIAL DEMANDED IN COMPLAINT?

☐  Yes

☒  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____   Florida Bar # _016 7566_
                    Attorney or party                                           (Bar # if attorney)

_____  Santiago Cueto              November 12, 2012
(type or print name)                                                 Date

CLK/CT 96 Rev. 12/09

Clerk's web address: www.miami-dadeclerk.com

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

### GENERAL JURISDICTION DIVISION

CASE NUMBER:

EXPORTACIONES VIMAR CORP.
a Florida Corporation,

      Plaintiff,

v.

KING OCEAN SERVICES and
ALM EXPRESS CORP.

      Defendants.

_____/

12-45529 CA 08

### COMPLAINT

Plaintiff, EXPORTACIONES VIMAR CORP. ("EVC"), sues Defendants, KING OCEAN

SERVICES and ALM EXPRESS CORP. In support of its Complaint, Plaintiff allege as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for negligence concerning the loss of cargo.

2. Plaintiff, EVC, is a Florida corporation.

3. Defendant KING OCEAN SERVICES ("KING") is a Florida corporation and in the

business of transporting cargo.

4. Defendant ALM EXPRESS CORP ("ALM") is a Florida corporation and in the business of

arranging the transportation and shipment of goods.

5. Venue is proper in this county in that all parties conduct business and are located in Miami-

Dade County.

### GENERAL ALLEGATIONS

6. On or about August 1, 2012, Plaintiff sought to forward by ocean carrier one container

bearing identification number KOSU-480889 the ("Container") of goods to be delivered from Port

Everglades, Florida to Puerto Cortes, Honduras.

7.   Plaintiff employed the services of ALM to arrange for the shipment and transportation of the Container of goods from Port Everglades, FL to Puerto Cortes, Honduras.

8.   ALM failed to offer Plaintiff the option of insurance to insure against damage or loss of the Container.

9.   In addition, ALM failed to exercise reasonable care and skill in selecting an ocean carrier. As a result of ALM's negligence, Plaintiff has suffered damages.

10.  ALM placed the Container with KING to be transported to Puerto Cortes, Honduras.

11.  On or about August 7, 2012, a KING vessel transporting the Container encountered a severe storm, which caused the Container to fall off the vessel. The Container was never recovered.

12.  Despite adequate weather warnings, the KING vessel should have never navigated into the area of the storm.

13.  As a result of KING's negligence, Plaintiff has suffered damages.

14.  All conditions precedent to bring this lawsuit have been met or have been waived.

15.  Plaintiffs have retained the Cueto law Group, P.L. to represent them in this lawsuit and are obligated to pay reasonable attorneys' fees.

## COUNT I
### Negligence
### (As to ALM)

16.  Plaintiff re-alleges and incorporate by reference paragraphs 1-15 in support of this count.

17.  ALM owed Plaintiff a duty to exercise reasonable care and skill arranging the transportation of the Container.

2

4000 Ponce de León Blvd, Suite 470
Coral Gables, FL 33146

Tel:  +1 305.777-0377
Fax: +1 305.777.0449

sc@cuetolawgroup.com
www.CuetoLawGroup.com
www.InternationalBusinessLawAdvisor.com

18. ALM breached its duty to Plaintiff by failing to, *inter alia*, offer Plaintiff the option of purchasing insurance to cover the Container and by failing to exercise reasonable care and skill in selecting an ocean carrier.

19. As a proximate cause of Defendant's negligence, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment in its favor and award any and all other relief it deems just and appropriate.

## COUNT II
### Negligence
### (As to KING)

20. Plaintiff re-alleges and incorporate by reference paragraphs 1 to 15 to support this count.

21. KING owed a duty to Plaintiff to safely transport the Container to its destination.

22. KING breached its duty to Plaintiff by failing to exercise reasonable care and skill in the transportation of the Container.

23. As a proximate result of KING's negligence, Plaintiff has suffered damages.

WHEREFORE, Plaintiff pray that this Honorable Court enter Judgment in its favor and award any and all other relief it deems just and appropriate.

Respectfully submitted,
CUETO LAW GROUP, P.L.
Attorneys for Plaintiff
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Tel.:    (305) 777-0377
Fax:    (305) 777-0397

By: _____
SANTIAGO A. CUETO, ESQ., B.C.S.
Florida Bar No.:    0162566

3

4000 Ponce de León Blvd, Suite 470
Coral Gables, FL 33146

Tel:  +1 305.777-0377
Fax: +1 305.777.0449

sc@cuetolawgroup.com
www.CuetoLawGroup.com
www.InternationalBusinessLawAdvisor.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

CASE NUMBER: 12-45529 CA(08)

EXPORTACIONES VIMAR CORP.,

     Plaintiff,

v.

KING OCEAN SERVICES, LTD. INC.,
and ALM EXPRESS CORP.,

     Defendants.

_____/

## DEFENDANT KING OCEAN SERVICES LTD., INC.'S MOTION TO DISMISS

COMES NOW Defendant, KING OCEAN SERVICES, LTD. INC. ("KING OCEAN"),

by and through undersigned counsel, and pursuant to the applicable Florida Rules of Civil

Procedure moves to dismiss the Complaint of the Plaintiff, EXPORTACIONES VIMAR CORP.

("VIMAR") on the grounds of failure to state a cause of action, failure to attach a copy of the

contract forming the basis of its Complaint and failure to join an indispensable party and states[1]:

### I.    INTRODUCTION

The Plaintiff has sued KING OCEAN under a single count for Negligence, alleging that a

cargo container was lost at sea en route from Port Everglades, Florida to Puerto Cortes,

Honduras due to KING OCEAN's negligence, which is denied. KING OCEAN was acting as an

---

[1]Because Plaintiff has filed this action in Florida state court, KING OCEAN has cited to the Florida Rules of Civil Procedure. However KING OCEAN does not admit that Florida law applies to this claim and expressly reserves its right to argue that the Plaintiff's claim is subject to U.S. general maritime law and the U.S. Carriage of Goods by Sea Act 46 U.S.C. § 30701 note (2007) ("COGSA"). Further, by filing its Motion to Dismiss KING OCEAN has not waived its right to remove this case to federal court pursuant to 28 U.S.C. § 1446. *See, e.g., Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1247 (11th Cir. 2004). KING OCEAN has also cited to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence herein.

ocean carrier.[2]  VIMAR has failed to state a cause of action under Fla. R. Civ. P. 1.140(6) because KING OCEAN issued an ocean bill of lading for the shipment at issue and therefore VIMAR's sole cause of action is for breach of contract of carriage under the U.S. Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note (2007) ("COGSA"). Also, VIMAR has not attached a copy of the bill of lading in violation of Fla. R. Civ. P. 1.130(a). This is an independent ground for dismissal. Finally, VIMAR has failed to join an indispensable party, that being the owner and/or operator of the vessel carrying the cargo container at the time of the alleged loss and therefore Plaintiff's Complaint should be dismissed under Fla. R. Civ. P. 1.140(b)(7).

## A.   **VIMAR'S SOLE REMEDY IS UNDER COGSA**

It is undisputed that COGSA applies to the instant dispute.  KING OCEAN is an ocean carrier who issued an ocean bill of lading for the carriage of the cargo in question.  COGSA governs all contracts for the "carriage of goods by sea to or from ports of the United States in foreign trade." *See id.*  A bill of lading is the contractual agreement between the carrier, shipper and the consignee for the carriage of goods and constitutes the "contract of carriage." *See Crowley American Transport, Inc. v. Richard Sewing Machine, Co.*, 172 F.3d 781, 783 n.2 (11th Cir. 1999); *B. Elliott(Canada) Ltd. v. John T. Clark and Son*, 704 F. 3d 1305, 1307 (4th Cir. 1983); *see also, Otto Wolff Handelsgesellschaft, mbH v. Sheridan Transportation Co.*, 800 F.Supp. 1359, 1361 (E.D.Va. 1992). The bill of lading continues to govern the rights and obligations of the parties until delivery of the goods. *See David Crystal, Inc. v. Cunard SS Co.*, 339 F.2d 295, 297 (2d Cir. 1964), cert. denied 380 US 976, 85 S.Ct. 1339, 1 L.Ed.2d 271 (1965). The phrase "carriage of goods" covers "the period of time from the time when the goods are loaded on to the time when they are discharged from the ship." See COGSA §1(e).  However,

---

[2] VIMAR has alleged that it "sought to forward by ocean carrier one container number KOSU-480889". See Plaintiff's Complaint, ¶ 6.  KING OCEAN is the ocean carrier.

CASE NUMBER: 12-45529 CA(08)

COGSA permits agreements and stipulations relating to times "prior to loading on and subsequent to the discharge from the ship." See COGSA §7; *Insurance Company of North America v. M/V Ocean Lynx*, 901 F. 2d 934,939 (11th Cir. 1990); *see also B. Elliot*, 704 F. 2d at 1307; *DGAF (Osterreich) v. Dart Container Co.*, 541 F.Supp. 9 (D.N.J. 1981).

A Plaintiff's exclusive remedy for cargo damage or loss is a claim under COGSA and preempts all other claims, including but not limited to tort claims. *See Polo Ralph Lauren v. Tropical Shipping Construction*, 215 F.3d 1217, 1220-21 (11th Cir. 2000) (COGSA provides for a single "hybrid" cause of action, "born of elements from contract and tort."). Thus, if COGSA is implicated, the Plaintiff is limited to a single cause of action for its unitary statutory remedy. *See id.* at 1221 and n.5.

VIMAR has brought a single count against KING OCEAN for Negligence which is preempted by COGSA and therefore its Complaint should be dismissed in its entirety.

## B.      FAILURE TO JOIN AN INDISPENSABLE PARTY

KING OCEAN also moves to dismiss under Fla.R.Civ.P. 1.140(b)(7)[3] as the Plaintiff has failed to join an indispensable party by failing to join the ship owner and operator. Plaintiff alleges that a cargo container was lost at sea because the vessel transporting the container navigated into a severe storm. KING OCEAN was not the employer of the Master or crew of the vessel nor was it the owner or operator of the vessel. Therefore, KING OCEAN cannot be held liable for the alleged actions of the Master, crew and owner/operator of the vessel. Under U.S. general maritime law and pure comparative negligence, the claims of the Plaintiff and defenses of KING OCEAN cannot be fairly adjudicated without the vessel owner and operator before the court and thus the claim must be dismissed as a matter of law.

---

[3] *See also* Fed. R. Civ. P. 12(b)(7).

3

CASE NUMBER:  12-45529 CA(08)

### C.  FAILURE TO ATTACH COPY OF CONTRACT IN ACCORDANCE WITH RULE 1.130(a)

Plaintiff has failed to attach as an exhibit to its Complaint a copy of a purported contract between it and KING OCEAN and therefore has failed to comply with Fla. R. Civ. P. 1.130(a), which warrants dismissal. Florida Rule of Civil Procedure 1.130(a) provides that a contract which is the basis for an action "shall be incorporated in or attached to the pleading." *Samuels v. King Motor Co.*, 782 So. 2d 489 (Fla. 4th DCA 2001) citing Fla. R. Civ. P. 1.130 (a).[4] Further, "a complaint based on a written instrument does not state a cause of action until the instrument or an adequate proof thereof, is attached to or incorporated in the complaint." *See Walters v. Ocean Gate Phase I Condominium*, 925 So.2d 440 (Fla. 5th DCA 2006). The appropriate remedy when a party brings an action based upon a contract and fails to attach a necessary exhibit under Rule 1.130(a) is a motion to dismiss. *See Samuels, supra,* citing *Safeco Ins. Co. v. Ware*, 401 So. 2d 1129, 1130 (Fla. 4th DCA 1981)("the opposing party may attack the failure to attach a necessary exhibit through a motion to dismiss.").

### D.  VIMAR IS NOT THE REAL PARTY IN INTEREST

Rule 1.210 of the Fla. R. Civ. P. mandates that an action must be prosecuted by the real party in interest.[5] VIMAR has alleged that it "sought to forward by ocean carrier one container number KOSU-480889". See Plaintiff's Complaint, ¶ 6. KING OCEAN has searched it records and has not found any bill of lading which it has issued to "EXPORTACIONES VIMAR CORP." Nor has it found any bill of lading which lists container no. "KOSU-480889". Contracts bind only named parties unless both parties to the contract clearly express an intent to benefit a third party. *See Polo Ralph Lauren, L.P.* at 1222 citing *Blu-J, Inc. v. Kemper C.P.A. Group*, 916

---

[4] *See also* Fed. R. Ev. 106.
[5] *See also* Fed. R. Civ. P. 17.

CASE NUMBER:  12-45529 CA(08)

F.2d 637, 640 (11th Cir.1990). This rule of strict construction applies with equal force in contracts of carriage. *See id.* citing *Hale Container Line, Inc. v. Houston Sea Packing Co.*, 137 F.3d 1455, 1465 (11th Cir.1998). The third party need not be mentioned by name as long as the contract refers to a "well defined class of readily identifiable persons" that it intends to benefit. *See id.* citing *Generali v. D'Amico*, 766 F.2d 485, 490 (11th Cir.1985).

VIMAR has not alleged that it has a property interest in the cargo at issue or that it was a third party beneficiary of any bill of lading issued by KING OCEAN. As stated above, a Plaintiff's exclusive remedy for cargo damage or loss is a claim for breach of contract of carriage under COGSA. *See Polo Ralph Lauren*, at 1220-21. VIMAR is not a named consignee or shipper in any bill of lading issued by KING OCEAN. It has merely alleged that it acted as a freight forwarder with respect to the shipment at issue.[6] Accordingly, VIMAR has not sufficiently pled a claim for damages under COGSA and its claim should be dismissed in its entirety.

---

[6] Freight forwarders are not cargo owners and are defined as:

Freight forwarder means a person holding itself out to the general public (other than as an express, pipeline, rail, sleeping car, motor, or water carrier) to provide transportation of property for compensation in interstate commerce, and in the ordinary course of its business:

(1) Performs or provides for assembling, consolidating, break-bulk, and distribution of shipments;
(2) Assumes responsibility for transportation from place of receipt to destination; and
(3) Uses for any part of the transportation a carrier subject to FMCSA jurisdiction.

49 CFR 386.2.

"The freight forwarder is involved in diversified activities designed to move freight efficiently and rapidly. He acts as a middleman who assists in effecting a transfer of title to, and possession of, goods moving through international trade. As co-ordinator of freight services, he exercises traffic control by selecting suitable routes, securing favorable ocean, air or railroad rates and making effective use of transportation facilities. Primarily, he is a representative of shipper and consignee, placing at their disposal his expert knowledge of foreign trade, and his services in moving freight efficiently and rapidly. A freight forwarder never has a beneficial interest in the goods he forwards. He is in fact prohibited by federal law from having such an interest. He is neither a shipper nor a consignee, nor seller or purchaser of the shipment. He does not directly or indirectly control, nor is he controlled by, the shipper or consignee or any person having such a beneficial interest."

*Georgia Ports Auth. v. Williams*, 1980 AMC 590 (Ga. 1979).

CASE NUMBER:  12-45529 CA(08)

WHEREFORE, Defendant KING OCEAN SERVICES, LTD., INC. respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice and all other relief deemed just and equitable.

Respectfully submitted,

__/s/ Jan M. Kuylenstierna_____
Jan M. Kuylenstierna
Fla. Bar No. 375985
Damon T. Hartley
Fla. Bar No. 41136
DE LEO & KUYLENSTIERNA P.A.
Town Center One
Suite 1710
8950 SW 74th Court
Miami, Florida 33156
Tel: 786-332-4909
Fax: 786-518-2849
e-mail: jkuylenstierna@dkmaritime.com
e-mail: dhartley@dkmaritime.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2012, a true and correct copy of the foregoing was served by electronic mail on Santiago Cueto, Esq., 4000 Ponce de Leon Blvd., Suite 470, Coral Gables, FL 33146 [sc@cuetolawgroup.com].

/s/Damon T. Hartley
Damon Hartley

6